IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TERRENCE GIBBS | : | NO. 96-539-2 |

ORDER

AND NOW, this 7th day of January, 2016, it is hereby ORDERED that the motion of Terrence Gibbs "for reduction of sentence pursuant to Title 18 United States Code, § 3582(c)(2)" (Doc. # 1175) is DENIED.

_____

In May 1997, Terrence Gibbs was found guilty of one count of conspiracy to distribute cocaine, one count of bribery of a public official, one count of engaging in a continuing criminal enterprise, two counts of money laundering and multiple counts of using a telephone to facilitate a drug felony. The court sentenced him to life imprisonment. The Court of Appeals affirmed. United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999).

Gibbs now contends that he is entitled to a reduction in his sentence as a result of Amendment 782 to the Sentencing Guidelines, which became effective on November 1, 2014. It provides for a retroactive two level reduction of the offense level on the Drug Quantity Table found in § 2D1.1.

At his 1997 sentencing, the court calculated a base offense level of 38, to which were added two levels for possession of a dangerous weapon (§ 2D1.1(b)(1)), four levels as

a leader or organizer of criminal activity involving five or more participants (§ 3B1.1(a)), and two levels for obstructing the administration of justice (§ 3C1.1).  The total offense level was 46.  Reducing Gibbons' base offense level under Amendment 782 by two levels results in a total offense level of 44.

Application Note 2 to the Sentencing Table in Chapter 5 of the Sentencing Guidelines states that "an offense level of more than 43 is to be treated as an offense level of 43."  Gibbs new total offense level of 44 must therefore be treated as if it were level 43.  Under level 43 of the Sentencing Table, the required sentence is life imprisonment.  Since Amendment 782 does not result in a lower sentencing range, there is no basis to reduce his sentence.[1]  See Dillon v. United States, 560 U.S. 817 (2010); United States v. Lindsey, 556 F.3d 238 (4th Cir. 2009); § 1.B.1.10 of the Sentencing Guidelines.

Accordingly, the motion of Terrence Gibbs for a reduction of his sentence is being denied.

BY THE COURT:

/s/ Harvey Bartle III
                   J.

---

1. Gibbs was in criminal history category I.  At offense level 43, the criminal history category is not relevant since the sentence is the same for all categories.