IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| TERRENCE GIBBS | : | NO. 96-539-2 |

MEMORANDUM

Bartle, J.                                    March 5, 2020

Before the court is the motion of Terrence Gibbs for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Gibbs was sentenced to life imprisonment back on September 16, 1997 after a trial in which the jury found him guilty of conspiracy to distribute cocaine, bribery of a public official, engaging in continuing criminal enterprise, use of a telephone to facilitate a drug felony and conspiracy to launder monetary instruments. The Court of Appeals affirmed his conviction and sentence. See United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999). Over the years, Gibbs has filed various motions to have his sentence reduced, but all his efforts have been for naught.[1]

---

1. See, e.g., United States v. Gibbs, 125 F. Supp. 2d 700 (E.D. Pa. 2000); United States v. Gibbs, 77 Fed. Appx. 107 (3d Cir. 2003); United States v. Gibbs, 598 Fed. Appx. 814 (3d Cir. 2015); United States v. Gibbs, 647 Fed. Appx. 133 (3d Cir. 2016). The latest decision of this court was on July 22, 2019 when we denied Gibbs' motion for appointment of counsel for a reduction of his sentence under the First Step Act (Doc. #1252). The Court of Appeals, based on the Government's

His latest motion relies on § 3582(c)(1)(A)(i) as recently amended by the First Step Act.  It provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>     (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i)  extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Gibbs has exhausted his administrative rights before the Bureau of Prisons and brings the motion on his own behalf.

Gibbs maintains that "extraordinary and compelling reasons" warrant his release from prison because of his post-sentence rehabilitation.  According to Gibbs, he "sincerely

---

motion for summary action, affirmed.  <u>United States v. Gibbs</u>, No. 19-2915 (3d Cir. Dec. 5, 2019).

regrets the past action of the man he used to be" and "[t]oday
sees life through a different lens."  Throughout his time in
prison, he has "made several notable life changes."  He recites
that he has worked at Unicor since 2008 and has been promoted to
Production Control Clerk.  He prepares complex Excel
spreadsheets, calculates the amount of daily production and
prepares invoices to bill customers.  He has received excellent
reviews for his work.  Recently he has co-founded a
victim-impact class to teach inmates the harmful effects of
criminal behavior.  He has taken numerous education courses.  He
states that thirteen years ago he accepted Christ as his Savior
and has led the Sunday worship service at the prison.  The
FCC Petersburg Chaplain has appointed him as the representative
of the Protestant church community.  If released, he would live
with his brother and mother in Texas who are fully supportive.

Gibbs also relies on the changed sentencing landscape
in support of his motion for compassionate release.  He
correctly points out that he was sentenced to life imprisonment
at a time when the Sentencing Guidelines were mandatory.  He
maintains that if he were sentenced today, the court would
impose a lesser term of imprisonment based on various sentencing
changes that have since occurred.  Under the sentencing regime
in 1997, the court also calculated the drug quantity at the
sentencing while today, as a result of Supreme Court decisions,

-3-

the jury must first determine the amount of drugs involved.
Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v.
Booker, 543 U.S. 220 (2005).  However, none of these changes
applies retroactively to Gibbs.  United States v. Gibbs, 598
F. Appx. 814 (3d Cir. 2015); United States v. Gibbs, 77 F. Appx.
107 (3d Cir. 2003).  Regardless of what the court might do if it
were sentencing Gibbs today, the present Advisory Guidelines
allow for a maximum sentence of life as a result of the large
quantity of powder and crack cocaine involved in this drug
conspiracy.[2]

        The court acknowledges that while in prison Gibbs has
significantly amended his life and that sentencing is now more
flexible and less harsh than it was in the mid-1990's.  The
question at issue is whether the court may grant compassionate
release under these circumstances.

        Section 3582(c)(1)(A)(i) provides that a court may
order compassionate release for "extraordinary and compelling
reasons," but Congress has delegated to the Sentencing
Commission the authority to determine the contours of those
reasons.  It wrote into the statute that such a reduction must
be "consistent with applicable policy statements of the

_____

2.  The court attributed 150 kilograms of powder cocaine and
1.5 kilograms of crack cocaine to Gibbs as a leader of the
conspiracy.

-4-

Sentencing Commission."   Congress has also enacted 28 U.S.C.

§ 994(t) which provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples.  Rehabilitation
> of the defendant alone shall not be
> considered an extraordinary and compelling
> reason.

The application note 1(A) of § 1B1.13 of the

Sentencing Guidelines explains that "extraordinary and

compelling reasons" exist where the defendant is:

(1) "suffering from a terminal illness" including among others

"advanced dementia"; (2) "suffering from a serious physical or

medical condition"; (3) "suffering from a serious functional or

cognitive impairment"; or (4) "experiencing deteriorating

physical or mental health because of the aging process."  The

latter three grounds also require that the impairment

"substantially diminishes the ability of the defendant to

provide self-care within the environment of a correctional

facility and from which he or she is not expected to recover."

None of the reasons in these application notes fits Gibbs'

situation.

There are also age related and family circumstances

under application notes 1(B) and (C) of § 1B1.13 that can serve

as basis to reduce a sentence.  Again, none of these is
applicable here.  Finally, there is a catchall.  A sentence may
be reduced where "[a]s determined by the Director of the Bureau
of Prisons, there exists in the defendant's case an
extraordinary and compelling reason other than, or in
combination with, the reasons described in subdivisions
(A) through (C)."[3]  In any event, under the application note
1(D), this catchall is not all-encompassing.  It states:
"Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant
is not, by itself, an extraordinary and compelling reason for
purposes of this policy statement."[4]

          Gibbs cites several cases that have granted
compassionate release based on the defendant's rehabilitation.
United States v. O'Bryan, 2020 WL 869475 (D. Kan. Feb 21, 2020);
United States v. Maumau, 2020 WL 806121 (D. Utah Feb 18, 2020);
United States v. Urkevich, 2019 WL 6037391 (D. Neb. Nov 14,
2019).  He also relies on United States v. Cantu, 2019
WL 2498923 (S.D. Tex. June 17, 2019), where the court granted an

---

3.  We recognize that the language "as determined by the
Director of the Bureau of Prisons" is now out of date in light
of the First Step Act which for the first time allows a
prisoner, after exhausting administrative remedies, to move for
compassionate release.

4.  Section 1B1.13(3) also requires that the court consider the
factors under 18 U.S.C. § 3553(a) in connection with any motion
under § 3582(c)(1)(A) as well as the safety of any other person
and the community under 18 U.S.C. § 3142(g).

unopposed motion to release a defendant.  The court essentially
rested its ruling on the ground that it had plenary power to
determine what is an "extraordinary and compelling reason" for
release.  None of these cases adheres to the plain language of
the relevant statutes or to the principles of the federal
sentencing regime.  We decline to follow them.

The federal sentencing regime with certain limited
exceptions is now one of determinate sentences and finality of
judgments.  See 18 U.S.C. § 3582(b); Dillon v. United States,
560 U.S. 817, 824 (2010).  Gone are the days of the parole
system under which a prisoner's rehabilitation after
incarceration was a ticket to early release.  If Gibbs and the
cases he cites are correct, the effect will be to return to a
parole system which Congress has discarded.

In sum, 18 U.S.C. § 5852(c)(1)(A)(i), 28 U.S.C.
§ 994(t), and § 1B1.13 of the Sentencing Guidelines clearly
prohibit a reduction in sentence or release from confinement
based on rehabilitation alone.  Nor does the law as presently
written authorize a compassionate sentencing reduction because
the court is now allowed to impose a lower term of imprisonment
if the sentencing were held today.

Again, the court applauds Gibbs for the significant
strides he has made toward rehabilitation during his over
20 years of incarceration.  One can sympathize with his plight.

-7-

Nonetheless, Congress has not given the court the authority to grant the relief requested.  In reaching this conclusion, we are following in the footsteps of a number of other courts which have correctly read the relevant statutes and rules.  See, e.g., United States v. Booker, 2020 WL 830054, (N.D. Ohio Feb 20, 2020); United States v. De La Cruz, 2020 WL 733776 (D. Conn. Feb 12, 2020); United States v. Williams, 2020 WL 614807 (D. Minn. Feb 10, 2020); United States v. Willingham, 2019 WL 6733028 (S.D. Ga. Dec 10, 2019); United States v. Washington, 2019 WL 6220984 (E.D. Ky. Nov 21, 2019).

Accordingly, the motion of Terrence Gibbs for compassionate release will be denied.