```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :     CRIMINAL ACTION
                               :
          v.                   :
                               :
TERRENCE GIBBS                 :     NO. 96-539-2
```

MEMORANDUM

Bartle, J.                                                                              September 2, 2021

        The court has before it the motion of defendant Terrence Gibbs to reduce his sentence and grant compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

        On May 12, 1997, a jury convicted defendant of one count of conspiracy to distribute cocaine (21 U.S.C. § 846), one count of bribery of a public official (18 U.S.C. § 201(b)(1)), one count of continuing criminal enterprise (21 U.S.C. § 848(a)),[1] fifteen counts of use of a telephone to facilitate a drug felony (21 U.S.C. § 843(b)), and two counts of conspiracy to launder monetary instruments (18 U.S.C. § 1956(h)). These charges stem from defendant's leadership of a cocaine trafficking ring in Philadelphia which distributed more than 150 kilograms of cocaine between May 1992 and April 1995.

---

1. This count was subsequently dismissed prior to sentencing pursuant to the Government's motion.

On September 15, 1997, at a time when the Sentencing Guidelines were mandatory, the court was constrained to sentence defendant to life imprisonment with five years of supervised release. At sentencing, the court attributed to defendant the distribution of 150 kilograms of cocaine.[2] The Court of Appeals affirmed. See United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999). Defendant has filed multiple motions over the years seeking to have his sentence reduced, the most recent of which was denied by this court on March 5, 2020.[3] Defendant is currently serving his sentence at Federal Correctional Institute Petersburg ("FCI Petersburg") in Hopewell City, Virginia.

Defendant filed a pro se letter seeking a reduction in his sentence on February 25, 2020 which the court denied on March 5, 2020 and explained that rehabilitation alone is not sufficient for early release. Defendant thereafter sought appointment of counsel which this court granted on March 30,

---

2. The court attributed 1.5 kilograms of crack cocaine to defendant, but he was not charged with distribution of this crack cocaine. Therefore, this sentence does not fall under the First Step Act of 2018 which sought, in part, to narrow the disparity between crack cocaine and powder cocaine sentences. See 21 U.S.C. § 841.

3. See e.g., Doc. #1263; United States v. Gibbs, 787 F. App'x 71 (3d Cir. 2019); United States v. Gibbs, 647 F. App'x 133 (3d Cir. 2016); United States v. Gibbs, 598 F. App'x 814 (3d Cir. 2015); United States v. Gibbs, 77 F. App'x 107 (3d Cir. 2003); United States v. Gibbs, 125 F. Supp. 2d 700 (E.D. Pa. 2000).

2021.  Counsel for defendant subsequently filed this present motion to reduce sentence and grant compassionate release.

                              II

Defendant's motion for compassionate release relies on 18 U.S.C. § 3582(c)(1)(A) as recently amended by the First Step Act.  That statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)  in any case—
>     (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i)  extraordinary and compelling reasons warrant such a reduction
>             . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies.  Therefore the court turns to the elements that a defendant has the burden to meet under § 3582(c)(1)(A)(i) to obtain a

reduction in sentence.  This section provides that a court may order release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.  Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is:  (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process."  The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

There are also age related and family circumstances under application notes 1(B) and (C) of section 1B1.13 that can serve as a basis to reduce a sentence, as well as a catchall provision. This catchall provision states that a sentence may be reduced where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

Our Court of Appeals recently held in United States v. Andrews that a district court is not bound by the Commission's policy statement in determining what is an extraordinary and compelling reason. 2021 WL 3852617, ___ F. 4th ___, at *3 (3d Cir. 2021). However, the court may look to the policy statement as a guide, even if it is not ultimately binding. Id. at *4.

### III

Defendant avers two extraordinary and compelling reasons for a reduced sentence and compassionate release. First, he asserts that he should be released because of the threat posed by the COVID-19 pandemic and his hypertension. Second, he argues that his sentence should be reduced and he should be granted compassionate release because of changes of law since he was sentenced.

Defendant avers that compassionate release due to COVID-19 should be granted because of his pre-existing condition of hypertension.  Defendant cites to information from the Centers for Disease Control and Prevention ("CDC") which includes hypertension as a risk factor of more serious cases of COVID-19.  Defendant also includes statistics from the beginning of the pandemic regarding the higher rates of COVID-19 among federal inmates.  Significantly, he has been vaccinated against the coronavirus, but he argues that denying compassionate release on this basis will deter other inmates from being vaccinated.

The Government concedes that the CDC has reported that hypertension may increase the risk of a severe case of COVID-19 and that a risk factor without a vaccine and without expectation of recovery presents "a serious physical or medical condition" that is an "extraordinary and compelling reason" for consideration of compassionate release.  Nonetheless, the Government argues that, despite his hypertension, defendant should not be entitled to relief since he has been fully vaccinated.  Thus, the circumstances that posed a risk of defendant contracting a "serious physical or medical condition" no longer exist.  The Government cites the CDC which states that, as of August 2, 2021, of the more than 164 million fully vaccinated Americans, only 5,000 hospitalizations from so-called

6

"breakthrough" infections have been reported and only 1,200 deaths for a rate of .00073%.  The Government acknowledges the risk of infection and spread posed by the more contagious Delta variant, but it refers to the CDC's findings that the vaccines are still highly effective against the Delta variant and that breakthrough infections remain rare.  The Government maintains that without a shift in the scientific views of the efficacy of the COVID-19 vaccines, defendant's vaccination status precludes a finding of an "extraordinary and compelling" reason to grant compassionate release based on the COVID-19 pandemic.[4]

      The court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus, including its Delta variant, poses for defendant and all others in prison.  However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease.  See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).  The Bureau of Prisons, including FCI Petersburg, has in place protocols to deal with this disease, including vaccinations, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates.

---

4. The Government asserts that should the scientific consensus on the efficacy of the vaccines change then it will address those issues as they arise.

Although defendant has hypertension which the CDC recognizes as a potential risk factor for more serious cases of COVID-19, defendant has been inoculated against COVID-19 with a highly effective vaccine. As such he is currently at an extremely low risk of developing a serious case of COVID-19. His medical condition is not an extraordinary and compelling reason at this time for granting compassionate release because of the COVID-19 pandemic.[5]

Defendant also contends that his lengthy sentence under the old sentencing regime is an extraordinary and compelling reason for compassionate release. Defendant relies on the changes in sentencing law that have occurred since he was sentenced in September of 1997. Specifically, defendant argues that were he sentenced today, he would no longer have a mandatory minimum of life imprisonment, although a life sentence would still be within his sentencing range under the Advisory Guidelines. Defendant also asserts that he did not have the benefit of a jury decision on the quantity of crack.[6] See United

---

5. The court rejects defendant's argument that denying compassionate release based on vaccination status will deter other inmates from becoming vaccinated. The court will continue to take into consideration the opportunity to be vaccinated and any refusal to do so when determining the threat of COVID-19 to a movant seeking compassionate release.

6. Defendant also claims that the fact that the Government decided not to charge him with distributing crack, which would today be subject to review and a potential reduction under the

8

States v. Booker, 543 U.S. 220 (2005); Apprendi v. New Jersey, 530 U.S. 466 (2000).

Our Court of Appeals held in United States v. Andrews that "[t]he duration of a lawfully imposed sentence does not create an extraordinary and compelling circumstance."  2021 WL 3852617, __ F. 4th ___, at *4 (3d Cir. 2021).  It affirmed the reasoning of the district court that changes in the sentencing law and duration of sentence could not be extraordinary and compelling reasons warranting a reduction in sentence.

As previously explained in our March 5, 2020 opinion in this matter, the changes that no longer require a mandatory minimum sentence of life under the Sentencing Guidelines and that require a jury to determine the quantity of drugs involved do not apply retroactively.  See United States v. Gibbs, 598 F. App'x 815 (3d Cir. 2015); United States v. Gibbs, 77 F. App'x 107 (3d Cir. 2003).  In addition, as defendant concedes, the Advisory Guidelines today still allow for a maximum sentence of life as a result of the large quantity of cocaine involved in this drug conspiracy.  Therefore changes to the Sentencing Guidelines under which defendant was sentenced and the length of

---

First Step Act of 2018, helps establish an extraordinary and compelling reason.  The court does not find this argument relevant or persuasive as defendant was not the subject of a sentence reviewable under the First Step Act.

9

his sentence do not establish an extraordinary and compelling reason to grant compassionate release.[7]

IV

The court must also consider the factors under 18 U.S.C. § 3553(a) when deciding whether to grant compassionate release under § 3582(c)(1)(A).  Defendant argues that his time served accomplishes the purposes of sentencing under these factors, which include:  "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and "the kinds of sentences available."

Defendant maintains that the purposes of punishment have been met during his incarceration of over twenty years. According to defendant, he has been working for Unicor since

---

7.  We note that our Court of Appeals stated in Andrews that "if a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." Andrews, 2021 WL 3852617, at *5.  However, the court does not reach this next step because defendant has not presented an extraordinary and compelling reason beyond the changes in sentencing law themselves and the COVID-19 pandemic which, due to defendant's inoculation with a still highly effective vaccine, does not establish an extraordinary and compelling reason.

2002 and has received high commendations from his supervisor and positive work evaluations. He leads Sunday Worship Service and is noted to be a positive role model to others. He has completed multiple courses and facilitates a class at the prison every week. Defendant notes that he has had only three minor infractions over the past twenty-three years, none of which involved violence.

Defendant asserts that "he is not the same person that he was 23 years ago." He references a stable and supportive home plan to stay with his brother and his wife in San Antonio, Texas where his brother is a financial advisor. Defendant submits that his brother will welcome him into his home and help him find gainful employment.

The court commends defendant for his good behavior in prison and his positive role model for others. He is also to be lauded for all that he has accomplished and for his good works while in prison. Nonetheless, the court does not weigh his achievements under § 3553(a) unless it has first found an extraordinary and compelling reason for compassionate release. The court, as noted above, has not found such an extraordinary and compelling reason. In addition, under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.

V

The court, taking all the relevant facts into account and arguments for a reduction in sentence, finds that Terrence Gibbs has not met his burden in establishing any extraordinary and compelling reason that warrant his entitlement to compassionate release.  Accordingly, the court will deny the motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).