IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :        CRIMINAL ACTION
                          :
      v.                :
                          :
TERRENCE GIBBS             :        NO. 96-539-2

MEMORANDUM

Bartle, J.                                July 7th , 2026

Before the court is the motion of defendant Terrence Gibbs for reduction of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  The Government opposes the motion.

Gibbs was a leader of a large drug trafficking organization which operated in Philadelphia for over three years in the mid-1990s.  He was convicted by a jury in 1997 of: one count of conspiracy (21 U.S.C. §§ 841(a)(1) and 846); one count of bribery of a public official (18 U.S.C. § 201(b)(1)); one count of engaging in a continuing criminal enterprise (21 U.S.C. § 848(a)); fifteen counts of using a telephone to facilitate a drug felony (21 U.S.C. § 843(b)); and two counts of conspiracy to launder monetary instruments (18 U.S.C. § 1956(h)).

The court sentenced him to life imprisonment pursuant to the then mandatory Sentencing Guidelines on the conspiracy count.  Five years of supervised release were ordered to follow.[1]

---

[1] The court also imposed concurrent sentences of various lengths on the remaining counts.

The Court of Appeals thereafter affirmed.  United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999).

Based on the later enacted First Step Act, the court, after a hearing, granted Gibbs' motion for a reduction in sentence on March 13, 2024 to time served.  At that point, he had been confined for approximately twenty-seven years.  He was released from custody and began his five years of supervised release.  He has now served a little over two years.

Under 18 U.S.C. § 3583(e)(1), the court may terminate a defendant's supervised release after one year after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Gibbs, in support of his motion first relies on the Supreme Court's recent decision in Hewitt v. United States, 606 U.S. 419 (2025).  In that case, the Court held that a defendant is eligible for a more lenient sentence under 18 U.S.C. § 924(c) if his sentence imposed before the First Step Act was subsequently vacated.  Section 924(c) makes it a crime to use a firearm in connection with a crime of violence or a drug trafficking crime.  Before the First Step Act, § 924(c) provided for stacking of sentences for second or subsequent such

offenses.  The sentences for those second or subsequent offenses were harsh indeed – a mandatory twenty-five years each.

Hewitt is inapposite.  Gibbs was not convicted under § 924(c) and the Supreme Court was silent on the issue of supervised release on a resentencing.

Gibbs also argues that the maximum term of supervised release to which he is subject is three years under 21 U.S.C. § 841(b)(1)(C).  He is incorrect.  The statute provides for "a term of supervised release of at least 3 years."  The court correctly imposed five years.

Finally, Gibbs asserts that his probation officer does not object to his motion but concedes that she "would defer to the court for ruling."  Gibbs says nothing further about his conduct while on supervised release.  While the court presumes that he is in compliance and commends him for being so, compliance is not only expected but required.  Due to Gibbs' serious criminal history and considering all the factors required under 18 U.S.C. § 3583(e)(1), he has not established that his post-release conduct and the interest of justice warrant the early termination of his supervised release.  See United States v. Melvin, 978 F.3d 49, 52-53 (3d Cir. 2020).

Accordingly, his motion for reduction of his supervised release will be denied.